ALD-076                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3896
_____

IN RE:  FREDERICK H. BANKS,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:15-cr-00168)

_____

Submitted Pursuant to Fed. R. App. P. 21
December 30, 2019
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 9, 2020)
_____

OPINION*
_____

PER CURIAM

Frederick Banks, proceeding pro se, has filed a petition for a writ of mandamus

asking this Court to present evidence to the United States House of Representatives

purporting to support the issuance of articles of impeachment against certain District

Court and Magistrate Judges.  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Banks was convicted on November 7, 2019 after a jury trial in the United States District Court for the Western District of Pennsylvania of wire fraud and aggravated identity theft. He has yet to be sentenced. Banks has filed numerous pro se motions in his criminal case despite being represented by counsel and numerous mandamus petitions related thereto.

Banks has attached to his present mandamus petition proposed articles of impeachment. He alleges that the District Judge presiding over his criminal case improperly ordered him to undergo mental health evaluations, committed him to a mental health hospital, bribed an attorney, and denied bond. He states that the District Judge has held him beyond his maximum possible sentence and in unconstitutional conditions of confinement. Banks also alleges that a Magistrate Judge conspired with the District Judge to keep him confined beyond his maximum possible sentence. He contends that another Magistrate Judge allowed an FBI agent to "pull his gun" on a witness in another criminal case of his, apparently before she was a Magistrate Judge. Banks asks us to compel the United States House of Representatives, the House Judiciary Committee, and the Speaker of the House to review his articles of impeachment.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id.

2

Banks has established neither. He challenges decisions in his criminal case and makes unsupported allegations. He has made no showing that he has a clear and indisputable right to a writ or that the writ he seeks is available. In addition, allegations of judicial misconduct by a federal judge may be brought under the Judicial Conduct and Disability Act, In re Complaint of Judicial Misconduct, 575 F.3d 279, 290 (3d Cir. 2009), which includes provisions addressing the removal of Magistrate Judges and misconduct that might be impeachable. See 28 U.S.C. § 354(a)(3)(B), (b)(2). There are other adequate means to attain the desired relief.

Accordingly, we will deny the petition for a writ of mandamus.